UNITED STATES *v.* KING McLEOD Co.

**No. 5324.**—Invoice dated Belfast, Ireland, July 4, 1940.
Certified July 6, 1940.
Entered at Providence, R. I., July 27, 1940.
Entry No. 4–A.

(Decided June 20, 1941)

*Charles D. Lawrence,* Acting Assistant Attorney General (*Richard F. Weeks,* special attorney), for the plaintiff.
Defendant not represented by counsel.

TILSON, Judge: This appeal involves the proper dutiable value of certain linens imported from Ireland and entered at Providence, R. I., on July 27, 1940. The merchandise was entered and appraised at the invoice prices. Thereafter, the collector filed this appeal. Whether the merchandise was appraised on the basis of foreign or export value is not shown by the official papers.

At the trial of the case counsel for the plaintiff called attention to the fact that in some instances the invoice itself, which is attached

and made a part of the consular invoice, shows the home market value in some instances to be higher than the invoice value. Counsel for the plaintiff also offered, and there was received in evidence, that which counsel refers to as a "duly certified copy of a price list furnished to the United States Appraiser at New York by the American Agents for the English exporter." The paper referred to was marked exhibit 1.

The first page of said exhibit 1 reads as follows:

June 3rd., 1940.

United States Appraiser
4th Division
New York—N. Y.

Dear Sirs:

*Attention Mr. Allen.*

As requested over the phone I give you herewith the information you asked for on the Union Glass Towels:—

|  | Cotton | Linen |
|---|---|---|
| Quality 1025 | 51% | 49% |
| Quality 1018 | 48½% | 51½% |
| Quality 833 | 58½% | 40½% |

If there is any further information you wish I shall be glad to let you have same upon request.

I enclose herewith a new list Pages 4/9 inclusive, for Piece Hucks—Hemstitched and Hemmed Huck Towels.—also Damasks.

Very truly yours,
J. C. SHEFFIELD.

There is no evidence whatever that the six pages immediately following page one of exhibit 1 is a price list. The only place in the record where it is referred to as a price list is by counsel for the plaintiff at the trial when he characterized it as a price list. But even if it be conceded that exhibit 1 is a price list, there is no evidence that any merchandise was ever freely offered or sold at the prices shown thereon. There is no evidence to show, if any merchandise was freely offered and sold at the prices shown thereon, that such offer and sale was in the principal market of the country from which the merchandise was exported, or that such offer and sale was in the ordinary course of trade, or in the usual wholesale quantities. These are facts which the plaintiff assumed the burden of establishing when it filed its appeal, if it desired a favorable judgment in this case.

Having failed to show that any merchandise was ever freely offered for sale or sold in the ordinary course of trade in the principal markets of the country from which the merchandise was exported, in usual wholesale quantities, the said list cannot be given sufficient weight to overcome the presumption of correctness attaching to the values found by the appraiser.

Referring to the statements on the invoice attached to the consular invoice which in some instances shows the "Home market value or

current selling price as at date of exportation to the United States" to be higher than the entered and appraised value, all these prices are shown on the same line with the items and invoice prices at which the merchandise was appraised and are within 2 inches of the prices on the invoice at which the merchandise was appraised. Presumably the appraiser observed these prices and discarded them in favor of the values which he found. He certainly could not have overlooked them. However, be that as it may, there is nothing in this record to indicate that such prices on the invoices accord with a free offering of such or similar merchandise in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade. *United States* v. *Manahan Chemical Co.*, 24 C. C. P. A. 53.

It is sufficient here to bear in mind that, the Government having appealed, it was incumbent upon it to show (1) the foreign value and (2) the export value, to the end that the higher might be taken as the dutiable value, or to show (1) a foreign value and the nonexistence of an export value, or (2) an export value and the nonexistence of a foreign value. Being the appealing party, it was incumbent upon it to meet every material issue involved in the case. *United States* v. *Downing*, 20 C. C. P. A. 251.

There is nothing in this record to show whether the prices shown in exhibit 1 are foreign-market prices, export prices, United States value, cost of production, or American selling prices. If these prices should be accepted as the foreign-market value of the merchandise, then the plaintiff has failed to meet the burden it assumed, because there is no evidence as to export value to enable the court to appraise the merchandise at the higher value. If the prices shown in exhibit 1 should be accepted as export prices then the plaintiff has again failed to meet the burden it assumed, because there is no evidence to show the foreign value to enable the court to appraise the merchandise at the higher of the two values.

It may be stated that counsel for the plaintiff has not shown what basis of value he is contending for, whether foreign, export, United States, cost of production, or American selling price. If counsel is contending for foreign value, then he must show the export value, to the end that the court may take the higher value. If he is contending for export value then he must show the foreign value, to the end that the court may take the higher. If he is contending for United States value, then he must show the absence of both foreign and export value. If he is contending for cost of production, then he must show an absence of foreign value, export value, and United States value. If he is contending for American selling price, then he must show the absence of foreign value, export value, United States value, and cost of production.

Counsel for the plaintiff having failed to meet the burden of proof which the plaintiff assumed when it filed this appeal, and there not being sufficient evidence to overcome the presumptively correct value found by the appraiser, the appraised value is hereby found to be the proper dutiable value of the merchandise covered by this appeal. Judgment will be rendered accordingly.